FILED
SUPERIOR COURT
OF GUAM

2021 MAY -3 PM 4: 27

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                               )     CRIMINAL CASE NO. CF0324-18-01
                                              )
            vs.                               )
                                              )     DECISION AND ORDER  DENYING
JEREMY ALLEN EVARISTO,                        )     DEFENDANT'S MOTION TO RELEASE
aka Jeremy Allan Evaristo,                    )     ON ELECTRONIC MONITORING
DOB: 01/24/1991 or 04/24/1991 or 04/24/1991,  )
                                              )
            Defendant.                        )

### Introduction

This matter is before the Honorable Maria T. Cenzon on Defendant Jeremy Allen Evaristo's ("Defendant") Motion to Release on Defendant's *Ex Parte* Motion to Release Defendant on Electronic Monitoring ("Motion"). The People of Guam oppose the Motion and the Alleged Victims in this case also oppose Defendant's release on Electronic Monitoring. At the Zoom hearing on April 13, 2021, Defendant was present with his counsel Attorney John Terlaje. The People of Guam were represented by Assistant Attorney General Minji Kim. The Office of the Attorney General Victims Advocate was also present as was Mr. Hill Leon Guerrero, Adult Probation Services Division who supervises the Electronic Monitoring release program. Having reviewed the pleadings, parties' oral arguments, the record, and relevant law, the Court hereby **DENIES** Defendant's Motion.

### Background

Defendant was indicted of the following charges: 1) ATTEMPTED MURDER (as a First Degree Felony), with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony and NOTICE: Commission of a Felony While on Felony Release; 2) FIRST DEGREE ROBBERY (as a First Degree Felony) with a Special Allegation of Possession

or Use of a Deadly Weapon in the Commission of a Felony and NOTICE: Commission of a Felony While on Felony Release; 3) ARMED CARJACKING (As a First Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, Special Allegation: Vulnerable Victim (Tourist) and NOTICE: Commission of a Felony While on Felony Release, 4) SECOND DEGREE ROBBERY (As a Second Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, NOTICE: Commission of a Felony While on Felony Release; 5) SECOND DEGREE ROBBERY (As a Second Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, Special Allegation: Vulnerable Victim (Tourist) and NOTICE: Commission of a Felony While on Felony Release; 6) THEFT (As a Second Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, NOTICE: Commission of a Felony While on Felony Release; 7) THEFT (As a Second Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, Special Allegation: Vulnerable Victim (Tourist) and NOTICE: Commission of a Felony While on Felony Release; 8) THEFT (As a Third Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, Special Allegation: Vulnerable Victim (Tourist) and NOTICE: Commission of a Felony While on Felony Release; and, 9) THEFT (As a Misdemeanor).

These charges arise out of a string of incidents between May 16, 2018 and May 21, 2018. On May 16, 2018, Defendant is alleged to have attempted to cause the death of Samuel Siquig by firing several shots at him while Siquig was in a cash booth at Lucky Land Game Room in Dededo, Guam, during an alleged robbery of the game room.[1] During the incident, Defendant is alleged to have struck Siquig on his head with a baton causing a laceration to the top of his head. *Magistrate's Complaint* (May 24, 2018).

---

[1] "[T]he footage clearly shows that Samuel first attempted to hide during the attack and that the males could not forcibly enter the cashier's booth, despite kicking the door. In response the male with the gun [alleged to be Defendant] puts his hand and gun through the cashier's window and fires at Samuel. The video shows Samuel moving to avoid the gunfire and clearly shows the male's deliberately moving the gun to aim at Samuel." *Decl. to Magis. Complaint* (May 24, 2018).

On or about May 18, 2018, Defendant is alleged to have robbed Huyng Chul Seo ("Seo"), a cashier at Palms Market in Yigo, Guam, by pointing a black pistol at Seo and demanding that he give him money and then shooting at the wall behind Seo. *Id.*

On or about May 21, 2018, Defendant, together with his co-defendant Jesse Joe San Nicolas Delgado,[2] is further alleged to have stolen property belonging to a tourist Tik Fung Chan ("Chan")(reportedly a Chinese national who provided a hotel as his residence) by pointing a black handgun at Chan when he attempted to stop the pair from taking his belongings (including a camera worth approximately $2,500.00, 2 Apple iPhone Plus phones each worth $1,000, US currency, credit cards and identification cards) while Chan and his wife were at the beach in Ritidian, Guam. *Id.*

On or about May 21, 2018, Defendant is alleged to have, together with Delgado, robbed Chak Man Tse ("Tse")(a Chinese national who provided a hotel as his residence) at gunpoint along Route 3A towards Ritidian Beach in Guam. *Id.* He is alleged to have taken a Paul Smith brand wallet worth $100.00 and $500.00 worth of US currency. *Id.*

Delgado was subsequently arrested and questioned and he admitted that he and Defendant robbed the Lucky Land Game Room on May 16 and that Defendant shot at the cash attendant twice after he refused to open the door. *Id.* Delgado also reported that the vehicle used in the game room robbery was stolen by Defendant earlier in the day. *Id.* The Magistrate's Declaration also avers that Defendant shot his gun inside the Palms Market during the robbery on May 18 and saw Defendant run out of the store with the cashier's tray in his arms. *Id.* Additionally, Delgado admitted that he was involved in the robbery of Chan at Ritidian Beach on May 21 and that Defendant had stolen the items from Chan at gunpoint. *Id.* Finally, Defendant and Delgado were involved in the carjacking/robbery of Tse and his wife in Ritidian, Guam and that Defendant was the driver as well as the gunman who robbed the couple at gunpoint. *Id.* The

---

[2] Co-defendant entered a Guilty plea to on August 31, 2018, before the Honorable Judge Elyze M. Iriarte. This court severed the original case CF0324-18 from the instant matter after Delgado entered his guilty plea before Judge Iriarte. *Order for Severance* (Feb. 25, 2019) CF0324-18 remains assigned to Judge Iriarte during the pendency of this severed matter which is pending Delgado's sentencing under the cooperation plea agreement.

Declaration does state, however, that Tse and his wife reported that the gunman was not the driver, but the passenger of the vehicle – Delgado. *Id.* Defendant was on pre-trial release in felony case CF0343-17 at the time of the alleged offenses. *Id.*

On April 13, 2021, the Court heard oral argument on the Motion. The Court having previously denied Defendant's release on his own recognizance or, in the alternative, to TPCs, he now seeks release under the court's Electronic Monitoring ("EM") program. At the hearing, the People opposed Defendant's release on EM on several bases, including that Defendant's proposed residence is located within 1000 feet of one of the alleged victims. The Court ordered that Probation submit information of the victims' locations in relative proximity to the proposed Defendant and, in order to ensure continued safety of the alleged victims, that the information be submitted to the court *in camera.* The information was submitted to the court *in camera* on April 23, 2021. The submission confirms that one of the victims is located within 1000 feet of the Defendant's residence.

The People also oppose release on EM because, at the time of the incidents, Defendant was on parole in his prior felony cases CF0343-17 and CF0340-18. *Minute Entry of Ex Parte Mot. to Release on Personal Recognizance or Third Party Custodian* at (Nov. 23, 2020). As discussed in this Court's earlier denial of Defendant's motion for release on his own recognizance or to Third Party Custodians, this matter had been previously set for trial to commence on January 20, 2021; however, on January 12, 2021, during the Pre-Trial Conference of this matter, counsel for the Defendant indicated that an offer had been made by the People to resolve the matter without going to trial and requested a good cause continuance in order to meet with his client in person to discuss the plea offer. *Pre-Trial Conference* at 9:48:43 to 9:50:40 (Jan. 12, 2021). At that hearing, counsel for Defendant indicated that, if accepted, the plea calls for "quite a bit of time." *Id.* at 9:52:58. This court granted the continuance, finding good cause to do so. *Id.* The jury selection and trial of this matter is now set to commence on June 9, 2021.[3]

---

[3] Defendant has waived his right to a speedy trial on September 1, 2018, when the matter was assigned to Judge Elyze Iriarte. *Stip. and Order RE: Continuance of Jury Selection and Trial* (Aug. 15, 2019). The Court's Criminal

## Law

Title 8, Guam Code Annotated, Section 40.10 provides that "every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." 8 GCA § 40.10. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11. A judge will not abuse its discretion in imposing bail and denying a Defendant's motion for release, so long as the Judge issues a decision detailing reasons for continuing the bail conditions as originally set. *People v. Bruneman*, 1996 Guam 3.

### A. Release on his own Recognizance under Section 40.15

Section 40.15 (b) requires as follows: "The judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA §40.15(b)(emphasis added). The law identifies several factors in making such a determination, which includes:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
>
> (2) the history and characteristics of the person charged, including:
> (i) length of his/her residence on Guam;
> (ii) his/her employment status and history, and financial condition;
> (iii) his/her family ties and relationships;
> (iv) his/her reputation, character and mental and physical condition;
> (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
> (vi) his/her history relating to drug or alcohol abuse;
> (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

---

Trial Scheduling Order was issued on January 13, 2021. Based on the age of the case and the co-defendant's condition regarding cooperation, the Court is not inclined to grant any further continuances of the trial of this case.

(viii) whether, at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and,

(ix) his/her history of compliance with other Court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual members thereof if released.

*Id.* § 40.15(c). Although Defendant has not established that the magistrate judge failed to consider these factors when first imposing the release conditions of $250,000 cash bail, the Court considers these factors as follows:

**1. Nature of the offense, apparent possibility of conviction, and likely sentence.** As discussed above, Defendant is charged with serious offenses: Attempted Murder, First Degree Robbery, and Armed Carjacking, which are all first degree felonies. If convicted of the charges, Defendant faces a minimum of ten (10) years direct time and up to a maximum of twenty-five (25) years and no portion of the sentence may be suspended or substituted with probation and the first offender sentencing provisions may not be applied. The Magistrate's Complaint sets forth the factual basis for the charges, which are purportedly based upon the alleged Victims' recollections of events, corroborated by multiple witnesses in some instances and security footage. Defendant has an extensive criminal history and his co-defendant entered into a guilty plea which contains a cooperation agreement in which he must testify truthfully in any trial of Defendant Evaristo. The Court finds that there is a high likelihood of conviction.

**2. Defendant's Length of residence on Guam.** Defendant is 29 years old and has lived in Guam his whole life.

**3. Employment status and history and financial condition.** Defendant was not employed at the time of his arrest and has claimed no assets or identified other financial resources available to him.

**4. Family ties and relationships.** Defendant listed his girlfriend and his girlfriend's mother as points of contact and as proposed TPCs. He states he has one (1) child who lives with him and his girlfriend.

**5. Reputation, character and mental and physical condition.** None available.

**6. Prior criminal record, including record of prior release on recognizance or bail.** Defendant is on parole in two previous felony cases. On February 8, 2018, Defendant was convicted of Third Degree Robbery (As a Third Degree Felony), as a lesser included offense to Second Degree Robbery (As A Second Degree Felony) in CF0343-17. In March 28, 2018, a bench warrant was issued for Defendant when he failed to report to probation as ordered. CF0343-17 (*2nd Violation Report*)(March 15, 2018). The Warrant was returned on May 29, 2018, after he was arrested for the crimes alleged in the instant case. CF0343-17 (*Return of Warrant*)(May 29, 2018). A 3rd Violation Report was filed in that case for Defendant's arrest in this case. CF0343-17 (*3rd Violation Report*)(May 30, 2018). Defendant is alleged to have committed these offenses only three (3) months after he entered a plea of guilty to Third Degree Robbery (As a Third Degree Felony) in that case.

While detained in this case, on August 22, 2019, Defendant entered into a Plea Agreement with the Government to resolve Criminal Felony Case No. CF0340-18. Defendant was originally charged in that case via Indictment with Theft of An Automobile (As a 2nd Degree Felony) and Conspiracy to Commit Theft of an Automobile (As a 2nd Degree Felony). He later waived his right to be charged via Indictment and agreed to the charge of Theft (as a Third Degree Felony) by Information. The Defendant pled GUILTY to Theft (as a 3rd Degree Felony) and was sentenced to five (5) years of incarceration with all but two years suspended, with credit for time served, to be served concurrently with any other sentence in any other case Defendant has. *Plea Agreement* at ¶ 8a (Aug. 22, 2019); *Judgment of Conviction* (Aug. 22, 2019).

Defendant has incurred three violations in Criminal Case No. CF343-17 while on pre-trial release. He has also had parole revoked in CF0632-12, CF0173-13 and CF067-11 for

failing to obey all the laws of Guam. *Probation Services Division Electronic Monitoring Unity Eligibility Assessment Report* (April 2, 2021).

**7.** **History of drug or alcohol abuse.** None indicated in Ex-Parte Motion, however, the use of amphetamines was indicated on a probation violation report in CF0343-17. *1st Violation Report* (Feb. 26, 2018).

**8.** **Members of the community who will vouch for his/her reliability.** Previously, during a hearing on his prior motion for release to third party custodians, his girlfriend, Keannilyn Quenga, and her mother, Louvina Quenga were presented as TPCs. However, no testimony on Defendant's reliability was presented at the hearing of the Motion and no testimony was presented in support of his reliability in this instance either. The Court notes that Keannilyn was Defendant's TPC on Defendant's prior release in his previous felony criminal case CF0173-13.

**9.** **Pendency of other criminal proceedings.** After entering a plea agreement in CF0340-18 to Theft (As a Third Degree Felony) during the pendency of these proceedings, Defendant does not have any other pre-trial matters pending other than the instant case.

**10.** **History of compliance with other court orders.** Defendant has an extensive history of non-compliance with conditions of probation and pre-trial release precipitating the filing of Violation Reports in these and Defendant's other cases as discussed herein. *See* CF0343-17 (three violations filed between February 26, 2018 and May 30, 2018 and a Bench Warrant issued on March 28, 2018).

**B. Setting Least Onerous Conditions under Section 40.20**

If a Court finds that a release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 GCA § 40.20. These conditions include:

(a) Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;
(b) Placement of restrictions on the activities, movements, associations and residence of the person;

(c) Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) Release of the person during working hours, but with the condition that he/she return to custody at specified times; or

(e) Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

*Id.* § 40.20. Under this section, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and safety of any other person and the community.

### 1. Modifying Bail Amount Requirement

"A detainee's inability to post bail does not inherently make bail excessive. " *Guam v. Tuncap*, 2011 Guam 24, ¶ 12 (citing *People v. Bruneman*, 1996 Guam 3). The Guam Supreme Court has adopted the test for excessiveness of bail from several jurisdictions in *People v. Bruneman*, 1996 Guam 3. "The test for excessiveness of bail is not whether a defendant is financially able to satisfy the requirement, *United States v. McConnell,* 842 F.2d 105, 107 (5th Cir.1988); *United States v. Beaman*, 631 F.2d 85, 86 (6th Cir.1980), but whether **bail is set at an amount higher than reasonably calculated to assure the presence of the accused.**" *People v. Bruneman*, 1996 Guam 3 (citing *U.S. v. Salerno*, 481 U.S. 739, 752 (1987); *Stack v. Boyle*, 342 U.S. 1, 5, 72 S.Ct. 1, 96 L.Ed. 3 (1951)) (emphasis in original). Defendant's bail was set by the magistrate judge at $250,000.00 cash. *Commitment Order* (May 25, 2018). The Court previously denied a modification of bail and adopts its previous findings in this regard.

### 2. Placement of Defendant in custody of TPCs

The Court previously considered, but denied, Defendant's release to TPCs. The Court adopts its previous findings with respect to the inappropriateness of such release.

### 3. Electronic Monitoring Program.

The Court considers Defendant's request to be released on EM. Although the EM Unit of the Adult Probation Division deemed Defendant "eligible" to participate based upon logistical considerations of the home assessment, finding that the proposed residence meets all requirements for the Electronic Monitoring program, other findings gravely concern the court

with regard to Defendant's compliance with the EM program, including the proximity of Defendant's proposed residence to the location of one of the named victims in this case as well as Defendant's history of non-compliance with court orders.

4.      Execution of a Bond, coupled with EM, is the least onerous condition.

Section 40.20 of Title 8, Guam Code Annotated provides that

Where the judge determines that release of the person charged on his/her own recognizance will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, the judge shall impose the least onerous of the following conditions which is reasonably likely to assure the person's appearance as required and the safety of any other person and the community, or, if no single condition gives that assurance, the least onerous combination of the following conditions: …

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;
…
(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

The Court's concerns as set forth herein are based upon Defendant's prior lack of compliance during previous pre-trial release orders on his own recognizance and apparent complete disregard for the gravity and seriousness of orders of the Superior Court of Guam. As previously discussed, the numerous charges against Defendant in this case includes a Notice of of the Commission of a Felony while on Felony release. *Indictment* (June 1, 2018). Moreover, the court may take judicial notice that Defendant is currently on parole in two felony matters, Criminal Case Nos. CF0340-18 and CF0343-17 as well as numerous violations of court ordered conditions while on pre-trial release in other cases.

The People, on the other hand, orally oppose Defendant's release, arguing that other factors weigh in favor of denying Defendant's Motion since the likelihood of conviction is high

and the severity of the offense is great. The People also inform the Court that the victims in this case oppose the Defendants release on EM. The EM Unit also confirms that one of the victims in this case is located within 1000 feet of the proposed residence.

Considering the significant factors set forth in Section 40.15(c), including, in particular, the nature of the offense charged, the apparent possibility of conviction and the likely sentence, the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual members thereof if released, based upon the Defendants extensive criminal history, the likelihood of conviction and the averments in the Indictment and Magistrate Complaint, the opposition of the People and the alleged victims to Defendant's release on EM, the Court is greatly concerned with the safety of the community and any remedy available to the Court should the Defendant violate any terms of his pre-trial release if he were released without the risk of forfeiting a bond or bail together with EM to supervise his movements while on release on bail. Accordingly, the Court finds that the magistrate judge imposed the least onerous condition under the circumstances of $250,000 cash bond and DENIES DEFENDANT'S MOTION FOR RELEASE ON EM WITHOUT THE ADDITIONAL PAYMENT OF SUCH BOND.

## Conclusion

For the reasons set forth above, the Court hereby DENIES Defendant's Motion for Release on Electronic Monitoring. The Pre-trial Conference of this matter is scheduled for June 1, 2021 at 10:00 a.m. The Jury Selection and Trial of this matter is scheduled to commence on June 9, 2021 at 1:30 p.m.

**SO ORDERED** this _____ .

MAY 03 2021

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

*People v. Jeremy Evaristo,* CF0324-18-01
D&O Denying Defendant's Motion to Modify Conditions of Release on Electronic Monitoring
Page 11 of 11